United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>STACEY HADZHIEVA,<br><br>　　　　　　　　　　Debtors. | Chapter 7<br>Bankruptcy No. 17 BK 09160<br>Honorable Judge Jack B. Schmetterer |
| MIDWEST GAMING & ENTERTAINMENT LLC d/b/a RIVERS CASINO,<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>STACEY HADZHIEVA,<br><br>　　　　　　　　　　Defendant. | Adversary No. 17 AP 00436 |

## OPINION ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 7012(b)(6) [DKT. NO. 10]

Defendant-Debtor Stacey Hadzhieva ("Defendant") moves to dismiss the complaint filed by Plaintiff Midwest Gaming & Entertainment LLC d/b/a Rivers Casino ("Plaintiff" or "Rivers") pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012(b).

For the reasons discussed below, Defendant's Motion to Dismiss will be denied by separate order to follow, but Plaintiff will be ordered to file an Amended Complaint that eliminates ambiguities in its current pleading.

## BACKGROUND

Defendant Stacey Hadzhieva filed her Chapter 7 bankruptcy petition on March 23, 2017. On August 21, 2017, Plaintiff filed the instant adversary proceeding against her, seeking to determine the dischargeability of the debt allegedly owed to it pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). Plaintiff alleges in its complaint that on July 21, 2015, Defendant entered its casino in Des Plaines, Illinois and sought an extension of credit for $20,000.00 in order to gamble. Defendant was required to fill out a Casino Credit Application and execute a Rivers Casino Des Plaines Credit Terms and Conditions document. On October 13, 2015, Plaintiff extended the requested $20,000.00 of credit to Defendant and Defendant executed a marker payable to Plaintiff pursuant to the Credit Terms document. Plaintiff alleges that at the time the Defendant requested the extension of credit, she knew that she did not have $20,000.00

1

in her Chase bank accounts and knew that she would not have that amount in her Chase accounts when the marker was presented. Debtor's Schedule A/B indicated that Debtor had only $742.11 on deposit with Chase bank, and between October 17, 2015 and November 17, 2015, the account never had more than $3,145.56 at any given time based on her bank statements.

Plaintiff pleads two counts against Defendant in the Complaint. Count I is an action under 11 U.S.C. § 523(a)(2)(A), alleging that Defendant's silence regarding her lack of funds to cover the market at the time it was issued is a false representation of material fact that renders the debt owed to it non-dischargeable. Plaintiff alleges that it reasonably relied on Defendant's implied representations that would have sufficient funds to cover the marker. Count II is an action under 11 U.S.C. § 523(a)(6), alleging that Defendant willfully and maliciously injured the Plaintiff by executing the marker knowing that she did not have sufficient funds to cover it and with no intention of paying it back.

On October 19, 2017, Defendant filed the instant Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted Pursuant to Rule 7012(b)(6). Defendant makes five separate arguments as to why Plaintiff's adversary complaint should be dismissed.

First, Debtor argues that there is no actionable misrepresentation pursuant to 11 U.S.C. § 523(a)(2)(A) because statements regarding the debtor's overall financial health do not fall under the purview of that Bankruptcy Code section, citing *Stelmokas v. Kodzius*, 460 F. App'x 600, 604 (7th Cir. 2012). Second, Debtor argues that there is no actionable misrepresentation pursuant to 11 U.S.C. § 523(a)(2)(B) because the Casino only alleged that two writings existed at the time the credit was extended (the Credit Application and Credit Terms document) and neither of those writings contained the kind of false written statement as required by that code section, and that the Plaintiff's only alleged false statement was her silence regarding her ability to cover the marker. Third, Debtor argues that there is no actionable false pretense or false representation pursuant to 11 U.S.C. § 523(a)(2) because the Defendant's tendering of a check for which she did not have funds does not constitute a false pretense rendering her debt to Plaintiff non-dischargeable, citing *Matter of Scarlata*, 979 F.2d 521, 525 (7th Cir. 1992). Fourth, Defendant asserts that there is no actionable willful or malicious injury pursuant to 11 U.S.C. § 523(a)(6) because Plaintiff relies on the same alleged false representation regarding her financial condition as Count I, and such facts cannot support a theory under both § 523(a)(6) and § 523(a)(2)(B), particularly because the alleged misrepresentation was not in writing as required by the latter

2

code section, citing *In re Gulevsky*, 362 F.3d 961, 963 (7th Cir. 2004). Finally, Defendant argues that because the facts alleged by the Plaintiff do not support plausible claims to relief under any of the provisions cited by Plaintiff, dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012.

Plaintiff filed its Response on November 9, 2017. First, Plaintiff argues that the facts it alleged in Count I of its complaint sufficiently alleged the implied misrepresentation of the Defendant's ability and intention to pay back the marker, and that such implied misrepresentations do fall within the purview of 11 U.S.C. § 523(a)(2)(A), citing *Mem'l Hosp. v. Sarama (In re Sarama)*, 192 B.R. 922, 927 (Bankr. N.D. Ill. 1996). Second, Plaintiff argues that it has sufficiently alleged facts indicating that Defedant's execution of the Credit Application and Credit Terms document, as well as information from her Statement of Financial Affairs makes the debt owed to Plaintiff non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B). Third, Plaintiff argues that it has sufficiently alleged facts indicating that Defendant's representations included in the marker go beyond that of an ordinary check, and thus, the false pretenses and representations that Defendant made with regards to her ability pay back the marker render the debt non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). Fourth, Plaintiff argues that it has alleged sufficient facts to support its allegation that Defendant willfully and maliciously caused it injury pursuant to 11 U.S.C. § 523(a)(6) because the Defendant never intended to pay back the $20,000.00 marker and knew that Plaintiff would be injured in loaning her that money. Fifth, the Plaintiff argues that it has satisfied the pleading requirements of Federal Rule of Civil Procedure 12(b)(6) as prescribed by the Seventh Circuit because it provided Defendant fair notice of the claims against her and was supported by facts indicating that Defendant made a false representation or committed a willful and malicious injury, citing *Thompson v. Ill. Dept. of Prof'l Regulation*, 330 F.3d 750 (7th Cir. 2002).

On November 23, 2017, Defendant filed her Reply. Defendant argues that Plaintiff's theories under 11 U.S.C. §§ 523(a)(2)(A) and (B) are contradictory and should be dismissed because the statements included in the marker of Defendant's alleged misrepresentation that she had the funds to pay the amount back could not have been relied upon by the Plaintiff because the marker was executed *after* Defendant received the money. Alternatively, Defendant argues, even if she had signed it before receiving the money, the Plaintiff knew that statement to be false because it knew she did not have the money sufficient to cover the marker in her Chase accounts

when she applied for the loan, further asserting that the Plaintiff could not ignore untruthfulness on the part of the Defendant with the expectation that its debt would be rendered non-dischargeable. *In re Gunsteen*, 487 B.R. 887, 902 (Bankr. N.D. Ill. 2013), *aff'd* No. 13 C 2329, 2014 WL 1125422 (N.D. Ill. Mar. 20, 2014). Second, Debtor argues that false representations are not within the purview of 11 U.S.C. § 523(a)(6) because torts of fraud are specifically covered by 11 U.S.C. § 523(a)(2) and the Plaintiff's allegation in Count II is based upon the same facts, and thus, only 11 U.S.C. § 523(a)(2) is controlling. *In re Amari*, 483 B.R. 835, 853 (Bankr. N.D. Ill. 20120).

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer cases arising under title 11 to a bankruptcy judge under 28 U.S.C. § 157, and this matter is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## DISCUSSION

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) is made applicable by Federal Rule of Bankruptcy Procedure 7012(b). Such a motion tests the sufficiency of a complaint, rather than the merits of the case. *Gibson v. City of Chicago*, F.2d 1510, 1520 (7th Cir. 1990). A court considering a motion to dismiss will assume as true and read in the light most favorable to the non-moving party all well-pleaded allegations. *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). When a trier of fact may reasonably infer proof that will be available at trial, dismissal of the case is improper. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to, 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The instant Motion to Dismiss is well argued by both parties. While Defendant has made several good arguments regarding the merits of many of Plaintiff's allegations, Plaintiff's complaint largely conforms with the Seventh Circuit's requirement that so long as a trier of fact may reasonably infer proof that will be available at trial, dismissal is not the proper course of action. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir. 1994).

The Court can infer, for instance, based upon the terms of the alleged Credit Application, Credit Terms document and the marker itself that there may be a plausible claim fraud claim pursuant to 11 U.S.C. § 523(a). Thus, because the Court can make favorable inferences in favor of the Plaintiff in this case, dismissal is not the appropriate avenue and Defendant's Motion to Dismiss is denied.

However, Plaintiff's complaint is not without ambiguities, and because it requires numerous inferences on the part of the Court, the Plaintiff will be required to file an amended complaint that pleads each count with particularity, and which clearly indicates which facts are relevant to which allegation, particularly its allegation pursuant to 11 U.S.C. § 523(a)(6). In cases where a motion to dismiss is denied, a court may still require a plaintiff to file an amended complaint. *Tam v. Lo*, 968 F. Supp. 1326, 1329 n.6 (N.D. Ill. 1997) (stating that the complaint was "inartfully drafted" and requiring plaintiff to file an amended complaint); *Demario v. Quintos*, No. 89 C 6490, 1990 WL 37724, at *2 (N.D. Ill. Mar. 22, 1990) (denying a motion to dismiss, but requiring the plaintiff to file an amended complaint setting forth its basis for additional, alleged violations). In order to have a clearer pleadings upon which the Court will be able to proceed to trial, Plaintiff must clean up its pleadings and eliminate any ambiguities as to what separate counts it is alleging and which facts support which counts. Thus, Plaintiff will be ordered to file an amended complaint, and will be required to do so within two weeks of this date.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be denied by separate order to be entered concurrently, but Plaintiff is required to file an amended complaint which clarifies its allegations within 14 days of this date.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of January, 2018

JAN - 3 2018

In re: Midwest Gaming & Entertainment, LLC d/b/a Rivers Casino v. Hadzhieva
Adv. No.: 17 AP 00436

## CERTIFICATE OF SERVICE

I, Amartya Bagchi, certify that on January 3, 2018, I caused to be served copies of the foregoing document to the following by electronic service through the Court's CM/ECF system or regular U.S. mail:

*/s/ Amartya Bagchi*
Law Clerk

### Electronic Service through CM/ECF System (17 AP 00436)

**Elizabeth A. Bates**
Springer Brown, LLC
300 South County Farm Road
Ste. I
Wheaton, IL 60187
630-510-0000
630-510-0004 (fax)
ebates@springerbrown.com
Counsel for Plaintiff

**Jonathan D. Golding**
The Golding Law Offices, P.C.
500 N. Dearborn St., 2nd Fl.
Chicago, IL 60654
312-832-7892
312-755-5720 (fax)
jgolding@goldinglaw.net
Counsel for Defendant

**Richard N Golding**
The Golding Law Offices, P.C.
The Boyce Building
500 North Dearborn Street, Second Floor
Chicago, IL 60654
312-832-7885
312-755-5720 (fax)
rgolding@goldinglaw.net
Counsel for Defendant